IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAUL WILKINSON,

        Plaintiff,

  v.

DOUGLAS COLLINS, Secretary, U.S.
Department of Veterans Affairs,

        Defendant.

Case No. 3:24-cv-01749-AP

**OPINION & ORDER**

POTTER, United States Magistrate Judge:

    Plaintiff Paul Wilkinson alleges that his former employer, the Department of Veterans Affairs, engaged in employment discrimination against him. He brings claims of sex and age discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). Compl. 2, ECF No. 1.

    Before the Court is Defendant's motion to dismiss Plaintiff's ADEA claim for failure to allege exhaustion of administrative remedies.[1] Def.'s Mot., ECF No. 17. All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 28. Because the Complaint does not contain facts that allow the Court to infer age discrimination, Defendant's partial motion to dismiss is GRANTED.

---

[1] Defendant also moved to dismiss for failure to properly serve. Def.'s Mot., ECF No. 17. Plaintiff provided proof of service in his response, and Defendant subsequently withdrew that argument. Pl.'s Resp. Attach 1, ECF No. 20; Def.'s Reply 2 n.1, ECF No. 24.

PAGE 1 – OPINION & ORDER

## BACKGROUND

According to his Complaint, Plaintiff previously worked for Defendant as a Night Supervisor at the Portland, Oregon, VA Medical Center. Compl. 2. Plaintiff alleges that while employed by Defendant, the Assistant Director of Nursing and the Associate Chief Nurse subjected him to sex and age discrimination. Compl. 2; Compl. Attach. 1, at 2, ECF No. 1. From August 2017 to October 2019, Defendant was denied a request for sick leave, demoted, switched from the night shift to the day shift, subjected to remedial discipline, reprimanded, and suspended. Compl. 5–9.

In December 2018 and November 2019, Plaintiff filed complaints with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation. Compl. Attach. 1, at 2. The EEOC granted summary judgment in favor of Defendant in June 2021, and again in September 2022, after the case was transferred to a different Administrative Judge. *Id.* at 2–3. The EEOC affirmed their decision on appeal in November 2023 and denied Plaintiff's request for reconsideration in July 2024. *Id.* at 3–5.

Plaintiff then filed this civil action alleging sex and age discrimination, as well as retaliation.

## STANDARDS

Under Rule 8(a)(2), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court must accept all well-pleaded, material factual allegations and construe them in the light most favorable to the non-moving party. *Lathus v. City of Huntington Beach*, 56

F.4th 1238, 1240 (9th Cir. 2023). The court need not accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant argues that, as to the age discrimination claim, Plaintiff's complaint fails to allege exhaustion of administrative remedies. Def.'s Mot. 6–8. The Court agrees.

Under the ADEA, it is unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," or "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. §§ 623(a)(1)–(2). To establish a prima facie case for age discrimination, a plaintiff must show that "(1) he is [at least age 40]; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals [who were substantially younger] were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).

Before bringing sex or age discrimination claims in District Court, plaintiffs must exhaust administrative remedies and allege as much in the complaint. Under the ADEA, this can be done in two ways. *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007). First, plaintiffs can file an age discrimination claim with the EEOC; then after 180 days or final agency determination, plaintiffs can file in District Court. *Id.* (citing 29 C.F.R. §§ 1614.105, 201(c)). Alternatively, plaintiffs can use the "bypass provision" and "file a notice of intent to file a civil action with the

EEOC within 180 days from the alleged discriminatory conduct," and then file the age discrimination claim in District Court at least 30 days later. *Id.* (citing 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a)).

Here, unlike with his sex discrimination claims, Plaintiff fails to allege that he exhausted administrative remedies when it comes to his age discrimination claim. Nor does he provide other evidence of exhaustion of his age discrimination claim. Plaintiff neither attaches the EEO complaints, nor alleges in his Complaint in this case that the EEO complaints contained specific evidence of age discrimination. *See* Compl. And the attached EEOC decision mentions sex discrimination only. *See* Compl.; *See also* Attach. 1–3.

Plaintiff maintains that the original EEOC charge contained evidence of age discrimination that was omitted from the EEOC decision due to administrative error. Pl.'s Surreply 2–4, ECF No. 26. However, because Plaintiff did not attach the original EEOC charge to the Complaint, the Court cannot determine whether Plaintiff exhausted administrative remedies for his age discrimination claim. Plaintiff's age discrimination claim is therefore dismissed with leave to amend.

In amending, Plaintiff should ensure that he alleges the facts that support his age discrimination claim. It is not enough that Plaintiff states age discrimination as a cause of action. *See* Compl. 1–2. Conclusory legal statements without the underlying factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Plaintiff must show that he is at least age 40; he was qualified for his position; he experienced an adverse employment action; and similarly situated individuals who were substantially younger were treated more favorably. *Whitman*, 541 F.3d at 932. At present, his Complaint does not.

## CONCLUSION

For these reasons, Defendant's partial motion to dismiss (ECF No. 17) is GRANTED. Plaintiff may file an amended complaint within thirty days.

IT IS SO ORDERED.

DATED this <u>12th</u> day of February, 2026.

/s/Amy E. Potter  
AMY E. POTTER  
United States Magistrate Judge

PAGE 5 – OPINION & ORDER