IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAUL WILKINSON,

                Plaintiff,

     v.

DOUGLAS COLLINS, Secretary, U.S.
Department of Veterans Affairs,

                Defendant.

Case No. 3:24-cv-01749-AP

**OPINION & ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Paul Wilkinson alleges that his former employer, the Department of Veterans Affairs, engaged in employment discrimination against him. He brings claims of sex and age discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). Amend. Compl. 10-11, ECF No. 30.

This Court previously dismissed Plaintiff's age discrimination claim, finding both that Plaintiff had failed to allege that he had exhausted his administrative remedies and that Plaintiff had failed to state a claim. Op. & O, ECF No 29. Plaintiff amended his complaint. Amend Compl. Before the Court is Defendant's second motion to dismiss Plaintiff's ADEA claim for failure to allege exhaustion of administrative remedies. Def.'s Sec. Mot., ECF No. 31. All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 28. Because Plaintiff has not exhausted his administrative remedies, Defendant's partial motion to dismiss is GRANTED.

PAGE 1 – OPINION & ORDER

## BACKGROUND

Plaintiff previously worked for Defendant as a Night Supervisor at the Portland, Oregon, VA Medical Center. Amend. Compl. 3. Plaintiff alleges that while employed by Defendant, the Assistant Director of Nursing and the Associate Chief Nurse subjected him to sex and age discrimination. Amend. Compl. 4-6. From August 2017 to October 2019, Defendant was denied a request for sick leave, demoted, switched from the night shift to the day shift, subjected to remedial discipline, reprimanded, and suspended. Amend. Compl. 3-8.

In December 2018 and November 2019, Plaintiff filed complaints with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation. Amend Compl. 4-6. The EEOC granted summary judgment in favor of Defendant in June 2021, and again in September 2022, after the case was transferred to a different Administrative Judge. Amend. Compl. Ex. 2, ECF No. 30 (EEOC Compl.). The EEOC affirmed their decision on appeal in November 2023 and denied Plaintiff's request for reconsideration in July 2024. *Id.*

Plaintiff then filed this civil action alleging sex and age discrimination, as well as retaliation.

## STANDARDS

Under Rule 8(a)(2), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court must accept all well-pleaded, material factual allegations and construe them in the light most favorable to the non-moving party. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023). The court need not accept as true legal conclusions couched as

PAGE 2 – OPINION & ORDER

factual allegations. *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant argues that Plaintiff's complaint fails to allege exhaustion of administrative remedies for his ADEA claim. Def.'s Sec. Mot. 4-6.[1] The Court agrees.

Before bringing sex or age discrimination claims in District Court, plaintiffs must exhaust administrative remedies and allege as much in the complaint. Under the ADEA, this can be done in two ways. *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007). First, plaintiffs can file an age discrimination claim with the EEOC; then after 180 days or final agency determination, plaintiffs can file in District Court. *Id.* (citing 29 C.F.R. §§ 1614.105, 201(c)). Alternatively, plaintiffs can use the "bypass provision" and "file a notice of intent to file a civil action with the EEOC within 180 days from the alleged discriminatory conduct," and then file the age discrimination claim in District Court at least 30 days later. *Id.* (citing 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a)).

Plaintiff argues that his "age discrimination claim arises from the same nucleus of operative facts examined during the EEOC investigation." Amend. Compl. 10. He further argues that "[b]ecause the age discrimination claim would reasonably have been uncovered during a proper investigation of the administrative complaint, the claim falls within the scope of the EEOC investigation." *Id.* While Plaintiff did attach all 798 pages of his EEOC complaint record to his amended complaint, he does not cite to any specific pages that would indicate that he

---

[1] Plaintiff did not respond to Defendant's motion. His Amended Complaint does allege that his age discrimination claim is properly before this Court and the Court has considered Plaintiff's arguments made in the complaint. Amend. Compl. 9-10.

brought an age discrimination claim before the EEOC. *See* EEOC Compl. The Court also cannot find anything in the EEOC complaint that implicates a claim of age discrimination. *See, e.g., id.* at 5-7 (Plaintiff's Formal Complaint focuses on sexual harassment and hostile work environment with no mention of age discrimination); *id.* at 28 (the Notice of Partial Acceptance notes that the complaint raises a claim of "hostile work environment based on sex"); *id.* at 37-46 (Investigative Report notes claim of hostile work environment based on sex); *id.* at 47-58 (Plaintiff's written affidavit does not mention or allude to age discrimination).

"Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)). The Court considers "whether the original EEOC investigation would have encompassed the additional charges." *Green*, 883 F.2d at 1476. Claims based on a different statute or theory of liability are not reasonably related. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (finding plaintiff's claim of disability discrimination was not reasonably related to his claims brought under Title VII).

Here, Plaintiff's claims of age discrimination are not reasonably related to his claim of a hostile work environment based on sex discrimination which was in the EEOC complaint. While Plaintiff argues that a "proper" investigation would have encompassed these additional charges, Plaintiff's EEOC complaint and affidavit make no mention of age discrimination or any facts that would lead to an inference of age discrimination. *Cf. Leong*, 347 F.3d at 1122 ("Nothing in Leong's affidavit would have led the EEOC to suspect that he was disabled or had been subjected to disability discrimination.").

PAGE 4 – OPINION & ORDER

**CONCLUSION**

Defendant's partial motion to dismiss (ECF No. 31) is GRANTED. Plaintiff's claim under the ADEA is dismissed.

IT IS SO ORDERED.

DATED this 15th day of May, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 5 – OPINION & ORDER